COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:         Eric Rostro v. The State of Texas

Appellate case number:    01-11-00556-CR

Trial court case number:  57844

Trial court:                        300th District Court of Brazoria County

The trial court's certification of the appellant's right of appeal in the above-referenced case is defective. The Texas Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which it enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). The certification "shall be signed by the defendant, with a copy given to him." TEX. R. APP. P. 25.2(d). We must dismiss an appeal for lack of jurisdiction unless a certification that is consistent with the record and that shows that the appellant has a right of appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The trial court's certification of appellant's right to appeal in the above-referenced case is incomplete because no indication of appellant's right of appeal has been made and it is not signed by the court or appellant. *See* TEX. R. APP. P. 25.2(d). The rules provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission, including a defect in notification of the defendant's appellate rights, may be filed in the appellate court. *See* TEX. R. APP. P. 37.1, 34.5(c).

On March 20, 2012, the Court abated this appeal and remanded the case to the trial court for preparation of an amended certification of appellant's right of appeal. The trial court did not respond.

The trial court is ordered to prepare and file a certification of appellant's right to appeal that complies with Texas Rule of Appellate Procedure 25.2. *See* TEX. R. APP. P. 34.5(c)(2). An amended certification that conforms with Rule 25.2(d) shall be made part of the appellate record in this case **no later than 30 days from the date of this order**. Additionally, we order the Brazoria County District Clerk's Office to include the trial court's amended certification of right of appeal in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(c).

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed in this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Laura Higley</u>
                                   ☒ Acting individually    ☐ Acting for the Court

Date:  October 4, 2013